IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BRADLEY L. LOVSTAD ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Civ. Case No. 09-0879-CV-W-NKL-P |
| ) | Crim. Case No. 04-00380-04-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

# **O R D E R**

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. # 1] and a Motion for Leave to Conduct Discovery [Doc. # 8] filed by Bradley Lovstad.[1] The Court has considered the arguments presented in these Motions and it denies them based on the reasons set forth below.

## I. Background

On November 17, 2004, a federal grand jury returned a twenty-four count indictment against Lovstad and six other defendants. Lovstad was charged with conspiracy to commit wire fraud and telemarketing fraud in violation of 18 U.S.C. § 371 and with aiding and abetting wire and telemarketing fraud in violation of 18 U.S.C. §§ 1343, 2325, 2236 and 2.

---

[1] The Court notes that Lovstad also seeks to file this motion on behalf of Zachery Whitehill, another defendant, signing as "next friend" for Whitehill. Lovstad files his motion *pro se* and there is no evidence that Lovstad is a lawyer or that he qualifies as a next friend for Whitehill. Therefore, the Court will only consider this motion filed by Lovestad.

1

On December 9, 2004, attorney F.A. White, Jr., entered his appearance on behalf of Lovstad for the limited purpose of executing a petition for admission *pro hac vice* in favor of Lovstad's attorney, Barry Voss, from Minneapolis, Minnesota. Less than one month later, on January 6, 2005, White was terminated from his representation of Lovstad. White represented a co-defendant, Steven Rice, who entered a guilty plea on March 8, 2006.

On April 26, 2006, a jury returned a guilty verdict against Lovstad. On December 18, 2006, this Court sentenced Lovstad to a term of ninety-seven (97) months of incarceration followed by a three-year period of supervised release. On July 10, 2008, the Eighth Circuit affirmed Lovstad's conviction and sentence.

## II. Discussion

### A. The Motion Is Time-Barred

As a threshold matter, Lovstad's section 2255 petition is filed outside the one-year limitations period within which such claims must be filed. A section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255. On July 10, 2008, the Eighth Circuit filed its judgment on Lovstad's appeal. Lovstad did not file a petition for a writ of certiorari. For purposes of a section 2255 motion, the one year limitation period began on October 8, 2008, ninety days after the Eighth Circuit's judgment. *See Clay v. United States*, 537 U.S. 522, 525 (2003). As a result, the one year limitation period ended on October 8, 2009. The postage stamp on Lovstad's Motion reveals that it was not sent until October 13, 2009, and not received by this Court until October 20, 2009. Lovstad does not even address the Government's argument in his Reply

2

[Doc. # 7]. Lovstad's section 2255 petition is untimely filed and must be denied for that reason alone.

### B. Ineffective Assistance of Counsel

Even assuming that Lovstad's petition was timely filed, Lovestad's claim of ineffective assistance of counsel fails. Lovstad essentially argues that White rendered ineffective assistance of counsel because White entered his appearance in applying for Voss's *pro hac vice* admission and because he also represented another defendant in this case. Such allegations do not rise to the level of ineffective assistance of counsel.

In order to succeed on a claim of ineffective assistance of counsel, the Supreme Court has held that a petitioner must demonstrate (1) that his counsel's performance was constitutionally deficient, and (2) that the deficiency prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, the petitioner must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (citation omitted). The petitioner must also show that counsel's performance could not have been within the range of sound defense strategy. *Strickland*, 466 U.S. at 689.

Although Lovstad argues that White represented him because he applied for Voss's admission *pro hac vice*, he fails to allege any specific deficiencies in White's performance and has failed to allege any prejudice he suffered. Moreover, Lovstad does not argue that his counsel who represented him at trial and on appeal was ineffective. Lovstad admits that White did not file any motions on his behalf or participate in his representation. White

3

simply did not play any role in Lovstad's representation. Indeed, Lovstad filed a complaint with the Missouri Supreme Court Disciplinary Committee against White. The case was investigated and the Committee concluded that White did not violate the Rules of Professional Conduct. [Doc. # 4, at Ex. B]. Lovstad has not satisfied the standard for ineffective assistance of counsel with any of these arguments.

**III.  Conclusion**

Accordingly, it is hereby ORDERED that Lovstad's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. # 1] is DENIED. Because Lovstad cannot sustain his section 2255 motion, his Motion for Leave to Conduct Discovery [Doc. # 8] is also DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 20, 2010  
Jefferson City, Missouri